## JAMES BUCK V. STATE

No. 25491. November 21, 1951.

Hon. Ira Gallaway, Judge Presiding.

*R. E. Murphey*, Coleman, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for possesing liquor for the purpose of sale and assessed a fine of $250.00 and 60 days in jail.

The state relied upon evidence obtained from certain prem-

ises in the city of Coleman, which consisted of two pints of liquor together with what appears to be the mere drainage of two empty bottles, the exact amount of which is not given.

The sufficiency of the affidavit for search warrant and of the search warrant itself is questioned because of the uncertainty of the party alleged to be in charge of and having control of the premises, the language complained of being reflected in the affidavit by the following quotation: "* * * and being the premises occupied by, in charge of and under the control of James Buck, and/or party or parties whose name or names and whose description or descriptions are unknown to affiants." The same language is found in the search warrant.

The question raised here is identical with that raised in Cause No. 25427, W. R. Wood v. State of Texas discussed in the opinion by this court dated October 31, 1951, (Page 419 of this volume). We there held that the language naming the person in charge and possession of the premises was uncertain because of the disjunctive language. The affidavit and search warrant in the instant case are, for the same reason, fatally defective.

The judgment of the trial court is reversed and the cause is remanded.